

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | | |
|---|---|---|
| NAVITAS CREDIT CORP., | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 3:25-5421-MGL-TER |
| | § | |
| RICHARD PAUWELS and SAMANTHA | § | |
| COKER, *also known as Samantha Boatwright*, | § | |
| Defendants. | § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION, DENYING
PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT, GRANTING
DEFENDANTS' MOTIONS TO SET ASIDE THE ENTRY OF DEFAULT,
AFFIRMING THE MAGISTRATE JUDGE'S DENIAL OF DEFENDANTS'
MOTION FOR AN INTERLOCUTORY APPEAL AND STAY,
AND DENYING DEFENDANTS' OTHER MOTIONS AS DESCRIBED HEREIN**

## I.    INTRODUCTION

Plaintiff Navitas Credit Corporation brought this action against Defendants Richard Pauwels and Samantha Coker (collectively Defendants) as guarantors on a loan agreement. Navitas filed the complaint in the Lexington County Court of Common Pleas, and Defendants removed the case to this Court, which has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Defendants have represented themselves at all times, and the Clerk placed them in default after they failed to adequately respond to Navitas's complaint.

The matter is before the Court for review of the Report and Recommendation (the Report) of the United States Magistrate Judge suggesting the Court deny Navitas's motion for default judgment and grant Defendants' motions to set aside entry of default. The Magistrate Judge also

denied Defendants' motions seeking permission for an interlocutory appeal and to stay the case pending that appeal (hereinafter Appeal Motion).

Also before the Court are two other motions by Defendants. Each Defendant separately filed copies of both motions, but they are functionally identical. They will be addressed further below.

## II.     STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

When a Magistrate Judge issues an order in a civil case on nondispositive issues, "[t]he district judge must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). The Court will reverse the Magistrate Judge's holdings only if it is "left with the definite and firm conviction that a mistake has been committed." *United States v. Harvey*, 532 F.3d 326, 337 (4th Cir. 2008) (quoting *In re Mosko*, 515 F.3d 319, 324 (4th Cir. 2008)) (internal quotation omitted).

## III.     DISCUSSION AND ANALYSIS

### A.  The Report

#### 1.  Factual and Procedural History

After Defendants removed this case from state court and then failed to timely respond to Navitas's complaint, Navitas requested the Clerk file entries of default as to Defendants, and the Clerk did so the following day. Navitas subsequently filed a motion for default judgment. Defendants initially attempted to appeal the default entries, and they subsequently filed motions to set aside the default entries.

The Magistrate Judge filed the instant Report on November 3, 2025, suggesting the Court set aside Defendants' entries of default. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina. Defendants each filed objections to the Report, and Navitas replied to those objections. Navitas declined to file its own objections to the Report.

Separately, Defendants each filed a "Presentment for Certification of Interlocutory Appeal and Stay Pending Appeal." The Magistrate Judge denied these motions in the Report because "Defendants have wholly failed to carry their burden to show application of 28 U.S.C. § 1292(b) is appropriate in this instance." Report at 5; *see* 28 U.S.C. § 636(b)(1)(A) (allowing Magistrate Judges to rule on nondispositive issues).

Defendants object to the Magistrate Judge's denial of these motions. The Court will treat those objections as an appeal of the rulings.

### 2. *Whether the Court should grant default judgment against Defendants or set aside the entries of default*

Defendants raise multiple objections to the Magistrate Judge's analysis concerning their motions to set aside default judgment. The objections all focus, in essence, on the tone taken in the Report and on what they describe as "adverse characterizations" or "unnecessary commentary" by the Magistrate Judge. Objections at 7. In particular, they complain about the Magistrate Judge describing them as raising sovereign citizen-style arguments. Objections at 5-6; *see* Report at 6

3

("In reviewing this and Defendants' other motions, it is useful to note their reliance on sovereign citizen theory.").

Regardless of Defendants' disagreement with the language used, their objections are irrelevant because the Magistrate Judge recommends granting them relief from the entry of default and denying Navitas's motion.  Thus, the objections will be overruled.

As Navitas—the party aggrieved by the Magistrate Judge's recommendation—declined to file any objections to this conclusion, and the conclusion appears to be correct, the Court will adopt the Report in this respect and incorporate it herein.  To the extent Defendants raise any other objections to the Report, they are patently meritless, unworthy of discussion, and will be overruled.

### 3. *Whether the Magistrate Judge's denial of permission for an interlocutory appeal and concurrent stay was clearly erroneous*

Subsection 1292(b) allows appeal of any interlocutory order if the Court concludes "that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292.  Here, the Magistrate Judge was unable to "discern a 'controlling question of law' identified by Defendants suitable for interlocutory appeal."  Report at 5.

In their original motion seeking the interlocutory appeal, Defendants asserted there exists the following controlling question of law: "May a forum proceed to deny a stay or authorize coercive acts without first identifying, on the record, whether it sits administratively, at law, or as a Court of Conscience in exclusive equity after timely invocation and unrepudiated choice of law (see [Ex parte McCardle, 74 U.S. 506, 514])?"  Appeal Motion at 2 (bracketed portion in original).

Defendants appeal the Magistrate Judge's denial of their motions and argue the analysis in the Report "does not connect the controlling-question concept to the cause trajectory, does not

4

address collateral consequences for enforcement and preclusion, and does not acknowledge narrowing effects that materially advance resolution even short of dismissal." Objections at 4.

Because the Court is unable to discern any substantial legal meaning from Defendants' arguments, and the denial of this requested interlocutory appeal is neither clearly erroneous nor contrary to law, the Court will affirm the ruling.

### B. Defendants' Other Motions

#### 1. Whether the Court will reconsider its prior order denying Defendants' first motion to stay

In an earlier Report and Recommendation in this case (the Original Report), the Magistrate Judge denied Defendants' earlier motions to stay these proceedings. On December 9, 2025, this Court affirmed the Magistrate Judge's denial of Defendants' motions to stay. In that Order, the Court determined Defendants "neglected to present any specific objections to the Report." Order at 2.

On December 29, 2025, Defendants each filed a "Presentment for Reconsideration" (hereinafter Motion for Reconsideration) of that prior order. They seek to "cure the identified deficiency by stating specific exceptions and repudiations." Motion for Reconsideration at 3.

The Court declines to reconsider its prior order based on these objections because they are untimely. The Original Report clearly informed Defendants of their obligation to raise specific objections: "The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections." Original Report at 10. It also informed them they had 14 days to do so. *Id.* They failed to raise specific objections despite these warnings, and their belated attempt to "cure" that error is ineffective. The Court will therefore deny the motions.

In any event, the Court has reviewed the late objections. They are incomprehensible and meaningless. Because the objections are patently meritless, the Court would have overruled them even if they had been timely made.

### 2. Addressing Defendants' "Presentment for Expressed Determination"

In filings entitled, "Presentment for Expressed Determination of Forum Cognizance on the Record" (hereinafter Presentment for Determination), Defendants "respectfully tender[] the following single question for the Court to express determination: Is this Court proceeding as a court of conscience in the jurisprudence of exclusive equity for America in this cause as to Presenter, or not?" Presentment for Determination at 3. They continue: "If the Court's answer is No . . . What forum/cognizance [does] the Court proceed under instead . . . [?]" *Id.* Finally, they ask if "this Court is proceeding as to Presenter's invocation of exclusive equity for America as a court of conscience[?]" Presentment for Determination at 2.

The meaning of this language is entirely lost on the Court. It is foreign to the law and without effect. Therefore, the motions will be denied.

To the extent the Presentment for Determination seek any other relief or action by the Court, they are denied as patently meritless and unworthy of discussion.

## IV.    CONCLUSION

After a thorough review of the Report and the record in this case under the standard set forth above, the Court overrules the objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court Navitas's motion for default judgment is **DENIED** and Defendants' motions to set aside entry of default are **GRANTED**. The Court also **AFFIRMS** the Magistrate Judge's denial of Defendants' motions for an interlocutory appeal and to stay proceedings pending that appeal.

6

For the reasons explained above, Defendants' Motion for Reconsideration and Presentment for Determination are **DENIED**.

**IT IS SO ORDERED.**

Signed this 2nd day of July, 2026, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE